**Tagged Opinion**



**ORDERED in the Southern District of Florida on August 01, 2011.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| In Re | ) | |
| | ) | |
| JET NETWORK, LLC | ) | CASE NO. 08-11165-RAM |
| | ) | |
| 　　Debtor. | ) | Chapter 7 |
| | ) | |
| PAUL PARMAR, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | ADV. NO. 11-1967-BKC-RAM |
| | ) | |
| vs. | ) | |
| | ) | |
| STUART L. CAUFF, MICHAEL A. KEISTER, | ) | |
| SUSAN LEWIS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| STUART L. CAUFF, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |

| | |
|---|---|
| PAUL PARMAR a/k/a PARMJIT SINGH PARMAR, | ) ) |
| Counter-Defendant. | ) ) ) |
| STUART L. CAUFF, | ) ) |
| Third-Party Plaintiff, | ) ) ) |
| vs. | ) ) |
| PEGASUS ELITE AVIATION, LLC, PEGASUS BLUESTAR FUND, PEGASUS JET CHARTER, SOTIRIOSZAHARIS a/k/a SAM ZAHARIS, THOMAS JAMES SEGRAVE, SEGRAVE AVIATION, INC. a/k/a SEAGRAVE AVIATION and MERRILL LYNCH) GLOBAL STRUCTURED FINANCE & INVESTMENTS, | ) ) ) ) ) ) ) ) |
| Third-Party Defendants. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND**

This adversary proceeding (the "Removed Case") is a state court case removed under 28 U.S.C. § 1441.  Third Party Plaintiff, Stuart L. Cauff ("Cauff") has filed a Motion to Remand Case to State Court ("Motion to Remand") [DE #12].  Cauff argues that removal was untimely under 28 U.S.C. § 1446 which, as applicable here, required removal within thirty days of the filing of any paper which put the removing party on notice that there was a basis for removal.  Because the removing party here filed its Notice of Removal (the "Notice of Removal") long after the basis for removal was known, the Notice of Removal was untimely and the Motion to Remand will be granted.

**Factual and Procedural Background**

   A. **The Bankruptcy Case and the Removed Case**

On January 31, 2008, petitioning creditors filed an involuntary chapter 7 petition commencing the above-styled chapter 7 case of Jet Network, LLC (the "Jet Network Bankruptcy Case"). An Order for Relief was entered on February 27, 2008 and Alan Goldberg was appointed as the chapter 7 trustee ("Trustee" or "Goldberg") on March 4, 2008.

The Removed Case was filed in the Law Division of the Superior Court of New Jersey for Middlesex County, Case No. MID-L-8700-07 (also referred to herein as the "N.J. Case"). The Notice of Removal at issue here was filed by a third-party defendant in the N.J. Case, Merrill Lynch Global Structured Finance and Investments ("ML Finance").

ML Finance became a party to the N.J. Case on November 12, 2008. On that date, Cauff, one of the original defendants in the N.J. Case, filed a Third-Party Complaint against ML Finance, along with Segrave Aviation Inc., and Thomas James Segrave (together, the "Segrave Defendants"). The Third-Party Complaint alleges that ML Finance, the Segrave Defendants, and others conspired to steal a confidential and proprietary business plan (the "New Business Model") that Cauff intended to implement through Jet Network and an affiliate, Jet First, Inc. Cauff was the founder of both companies and was the Chief Executive Officer of Jet Network.

**B. Chronology**

The chronology relevant to the Motion to Remand includes filings in the Jet Network Bankruptcy Case, filings in two adversary proceedings commenced by the Trustee in the Jet Network Bankruptcy Case, filings in the N.J. Case prior to removal, and the papers filed after the N.J. Case was removed.

On February 24, 2009, the Trustee initiated an adversary proceeding against various defendants, captioned *Alan L. Goldberg v. Stuart L. Cauff, et al.*, Adv. No 09-1212 ("Trustee v. Cauff") [DE #1 in Adv. No. 09-1212]. In *Trustee v. Cauff*, the Trustee sought damages against

Cauff and others for alleged breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and the avoidance of transfers and the recovery of estate property alleged to have been fraudulently transferred to such defendants.

Cauff and the Trustee negotiated a settlement (the "Trustee/Cauff Settlement"), and on October 8, 2009, the Trustee filed a Motion to Approve Settlement Agreement [DE #213 in Case No. 08-11165], which the Court granted on January 21, 2010 [DE #216 in Case No. 08-11165]. In the settlement, Cauff agreed to pay the Trustee $50,000 and fifty percent of his net recovery in the N.J. Case, and the Trustee agreed to pay Cauff ten percent of the net recoveries of any action brought by the Trustee against Merrill Lynch and its affiliates with respect to causes of action derived from the Jet Network Bankruptcy Case. As a result of the Trustee/Cauff Settlement, the Trustee obtained a financial interest in the N.J. Case.

On February 26, 2010, the Trustee filed another adversary proceeding against several defendants, Adv. No. 10-2701 (the "Merrill Lynch Adversary"). Although ML Finance was originally named as a defendant, on April 26, 2010, the Trustee filed an Amended Complaint [DE # 19 in Adv. No. 10-2701] substituting Merrill Lynch & Co., Inc. as the only Merrill Lynch party defendant.

In the Merrill Lynch Adversary, the Trustee seeks damages for aiding and abetting usurpation of a corporate opportunity, conspiracy in usurpation of a corporate opportunity, breach of fiduciary duty, and avoidance of fraudulent transfers. Although the Trustee is the plaintiff in the Merrill Lynch Adversary and Cauff is the third party plaintiff in the N.J. Case, the alleged wrongdoing by the primary defendants is very similar in both cases. ML Finance did not become a party to the Merrill Lynch Adversary until January 18, 2011, the date on which the

Trustee filed his Second Amended Complaint [DE #142 in Adv. No. 10-2701] naming ML Finance as a defendant. The Merrill Lynch Adversary is currently pending before this Court.

On May 17, 2010, after the Merrill Lynch Adversary was filed and after the Cauff/Trustee Settlement was executed and approved, Seagrave Aviation, Inc. ("Seagrave"), one of the Segrave Defendants, filed a Suggestion of Bankruptcy and Motion for Stay in the N.J. Case ("Suggestion of Bankruptcy and Motion for Stay") [DE# 12-2 in Adv. No. 11-1967, pp. 17-105]. Segrave sought to stay the N.J. Case based on an argument that the automatic stay in 11 U.S.C. § 362(a)(3) prevented the case from going forward. In the Suggestion of Bankruptcy and Motion for Stay, Segrave specifically referred to and attached a copy of the Trustee/Cauff Settlement. The Suggestion of Bankruptcy and Motion for Stay were served on Edwin A. Zipf, Esq., and Christian D. Johnson, Esq., counsel for ML Finance [DE# 12-2 in Adv. No. 11-1967, pp. 14-16]. Cauff also represents in the Motion to Remand that at the hearing in New Jersey, ML Finance orally joined in the Motion for Stay and all filings in support [DE # 12 in Adv. No. 11-1967, p.3, n.3.].

As described earlier, on January 18, 2011, the Trustee amended his complaint in the Merrill Lynch Adversary to add ML Finance as a defendant. In opposition to the Motion to Remand, ML Finance argues that its right to remove the N.J. Case was not triggered until that date when it was added as a defendant in the Merrill Lynch Adversary.

On February 17, 2011, within 30 days of being added as a defendant in the Merrill Lynch Adversary, ML Finance filed its Notice of Removal in the N.J. Case pursuant to 28 U.S.C. § 1441. Removal is based on a claim that the Removed Proceeding is "related to" the Jet Network Bankruptcy Case as that term is used in 28 U.S.C. § 1334(b).[1]

---

[1] When federal jurisdiction arises under 28 U.S.C. § 1334, parties usually remove under 28 U.S.C. § 1452. However, ML Finance removed this cause of action under the general removal statute, 28 U.S.C. § 1441. Until 1995, it was

The Notice of Removal states correctly that the jurisdictional issue is whether the N.J. Case is "related to" the main bankruptcy case, meaning that the outcome of the N.J. Case will conceivably have an effect on the Jet Network bankruptcy estate.  Significantly, as discussed later, the Notice of Removal asserts that "related to" jurisdiction is based, in part, on the Trustee/Cauff Settlement, under which the Jet Network bankruptcy estate is entitled to fifty percent of the net recoveries in the N.J. case [DE #1, p.6, ¶25].

### C. Proceedings Following Removal

The N.J. Case was removed initially to the United States District Court for the District of New Jersey ("District of New Jersey") under 28 U.S.C. §§ 1441 and 1446.  On April 1, 2011, the district court entered a Consent Order to Transfer Venue, transferring the Removed Case to the United States District Court for the Southern District of Florida ("Southern District of Florida"). Cauff filed the Motion to Remand on March 21, 2011, when the case was still pending in the Southern District of Florida. On May 9, 2011, U.S. District Judge Jordan entered an order that referred the Removed Case to this Court, where the Jet Network Bankruptcy Case is currently pending.

Following transfer of the Removed Case, this Court entered a Scheduling Order (the "Order") [DE #34 in Adv. No. 11-1967] on May 20, 2011, imposing a briefing schedule and setting oral argument for June 22, 2011 on Cauff's Motion to Remand.   In the Order, the Court ruled that the Removed Case is "related to" the pending Jet Network Bankruptcy as that term is used in 28 U.S.C. § 1334(b), thereby providing a basis for removal.  The Order also narrowed the

---

unclear if § 1441 removal was procedurally possible when jurisdiction arose under § 1334.  However, the United States Supreme Court in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995) held that both §§ 1441 and 1452 apply in bankruptcy cases, stating that "[t]here is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy." *Id.* at 129.

focus of the June 22, 2011 hearing on Cauff's Motion to Remand to the timeliness of ML Finance's Notice of Removal under § 1446.

The Court has reviewed the record, including the Motion to Remand and the memoranda submitted by the parties. The Court has also considered the oral arguments presented at the June 22 hearing, and the applicable case law. For the reasons that follow, the Court grants Cauff's Motion to Remand.

## Discussion

### A. The Notice of Removal Was Untimely

The sole question before the Court is whether ML Finance's Notice of Removal was untimely. In some of the later memoranda, both sides present arguments regarding timeliness of removal under Fed.R.Bankr.P. 9027. That rule applies only to removal under 28 U.S.C. § 1452 and is therefore not relevant here.[2] Instead, as was initially (and correctly) argued by the parties, the timeliness of removal under 28 U.S.C. § 1441 is governed by 28 U.S.C. § 1446. Section 1446 establishes removal procedures for cases removed under § 1441, and provides that a defendant seeking to remove a civil case from state to federal court must file a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds." 28 U.S.C. § 1446(a). Section 1446(b) governs the timeliness of removal in civil cases. The first paragraph deals with civil actions that are removable at the time of commencement. The second paragraph of the same subsection deals with civil actions that were not removable, or could not have been determined to be removable, until "an amended pleading, motion, order or other paper" establishes their removability.

---

[2] ML Finance also argues that equitable considerations justify enlargement of its period to remove under FED. R. BANKR. P. 9006(b) because excusable neglect exists. To the extent (which the Court doubts) that Rule 9006(b) is relevant to a cause of action removed under §§ 1441 and 1446, the Court finds no evidence of excusable neglect.

-7-

ML Finance is relying on the second paragraph of § 1446(b) to establish the timeliness of its Notice of Removal. ML Finance filed a Notice of Removal on February 17, 2011, over two years after Cauff filed a Third Party Complaint against ML Finance in the N.J. Case and long after the time window under the first paragraph of § 1446(b) closed. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Consequently, the relevant section of Title 28 is the second paragraph of § 1446(b), which, as excerpted in part earlier, provides as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

While the parties agree that this is the relevant statute, they dispute when the N.J. Case became removable. ML Finance argues that the N.J. Case did not become removable until ML Finance was added as a defendant in the Merrill Lynch Adversary on January 18, 2011. Cauff disagrees, arguing that ML Finance was served with papers giving notice that the N.J. Case was removable on May 17, 2010.

Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, motions, orders or other papers, not through a subjective knowledge or a duty to make further inquiry. *See e.g., Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993); *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (9th Cir. 2005).

In rejecting the defendant's subjective knowledge as a test for notice, the Fourth Circuit in *Lovern* emphasized reliance on "the four corners of the initial pleading or subsequent paper" as follows:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendants had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Lovern*, 121 F.3d at 162. Thus, the Court must objectively determine when, by "copy of an amended pleading, motion, order or other paper," ML Finance became aware that the N.J. Case was removable. In a case removed based on bankruptcy jurisdiction under 28 U.S.C. § 1334, this means, when did ML Finance receive a court paper presenting facts establishing that this court would have "related to" jurisdiction over the N.J. Case.

"The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F. 2d 984, 994 (3d Cir. 1984). The Eleventh Circuit adopted the *Pacor* test in *Miller v. Kamira, Inc.* (*In re Lemco Gypsom, Inc.*), 910 F.2d 784, 788 (11th Cir. 1990) ("We join the majority of the circuits that have adopted the *Pacor* formulation."). Applying this standard, it is questionable whether "related to" jurisdiction over the N.J. Case existed when ML Finance was first sued by Cauff in that case in November, 2008. Although the Third Party Plaintiff, Cauff, was a former officer and director of the Debtor, as was Parmar, one of the Third Party Defendants, it was not clear at that time whether Cauff's prosecution of the case, or recovery by settlement or judgment, would affect the Jet Network Bankruptcy Case.

The strongest and clearest event creating "related to" jurisdiction was the Trustee/Cauff Settlement approved by this Court on January 21, 2010. That settlement gives the Trustee and, consequently, the bankruptcy estate a direct financial interest in the outcome of the N.J. Case.

Therefore, under the applicable test for "related to" jurisdiction, the settlement made it clear that the outcome of the N.J. Case would have an effect on the bankruptcy estate. Thus, the thirty day time for removal under § 1446(b) ran from the time ML Finance was served with a "paper" advising it of the Trustee/Cauff Settlement.

The undisputed facts here establish that ML Finance had notice of its removal rights on May 17, 2010. On that date, Segrave filed with the N.J. state court and served on ML Finance a Suggestion of Bankruptcy and Motion to Stay, which clearly gave notice of the Trustee/Cauff Settlement and the Trustee's financial interest in the N.J. Case. The Suggestion of Bankruptcy states: "On November 3, 2009, Cauff and the Bankruptcy Trustee for Jet Network (the "Trustee") filed a Motion to Approve Settlement between the Trustee and Cauff. See Trustee/Cauff Settlement, attached as Exhibit E." Exhibit E contained the Trustee's Motion to Approve Settlement, a Stipulation of Settlement, and the Court's Order Granting Motion to Approve Settlement Agreement [DE# 12-2 in Adv. No. 11-1967].

The Court finds no factual or legal support for ML Finance's argument that related to jurisdiction to remove the N.J. Case did not exist until it was named as a defendant in the Merrill Lynch Adversary. In fact, as described earlier, ML Finance's Notice of Removal is inconsistent with its argument. There, in paragraph 25 of its own filing, ML Finance expressly states that "[t]he State Court Action and the Bankruptcy Action are also related because a revenue sharing agreement exists between Third-Party Plaintiff Cauff in the State Court Action and the Trustee in the Bankruptcy Action." [Notice of Removal, DE #1, p.6, ¶25 in Adv. No. 11-1967].

ML Finance argues that it had no incentive to remove the N.J. Case before it was named as a defendant in the Merrill Lynch Adversary pending in this Court. That may be true but it does not affect the timeliness of the removal. The statute requires removal within 30 days of

notice that jurisdiction for removal exists.  This deadline is not extended simply because the removing party was not strategically interested in removal at that time.

In sum, the Trustee/Cauff Settlement clearly provided a jurisdictional basis for removal and ML Finance received a court filing putting it on notice of the settlement no later than May 17, 2010, when the Seagrave Defendants filed their Suggestion of Bankruptcy and Motion for Stay in the N.J. Case and served it on ML Finance.  Thus, the thirty day window for removal under 28 U.S.C. § 1446 expired on June 16, 2010.  It follows that ML Finance's February 17, 2011 Notice of Removal was untimely.  As such, Cauff's Motion to Remand must be granted.

### B. Cauff is Entitled to Reimbursement of Fees and Expenses Under 28 U.S.C. § 1447(c)

In his Motion to Remand, Cauff seeks reimbursement of attorneys' fees and expenses under 28 U.S.C. § 1447(c).  Section § 1447(c) provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding fees under this section was set forth by the United States Supreme Court in *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005).  The *Martin* Court held that "the standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.  So, the issue here is whether there was a reasonable basis for ML Finance to believe that being added as a defendant in the Merrill Lynch Adversary was the first event triggering a jurisdictional basis for removal.

The Court does not find that ML Finance's Notice of Removal was filed in bad faith or to intentionally delay the progress of the N.J. Case.  Nevertheless, the Court concludes that there

was no reasonable basis to believe that the Notice of Removal was timely and therefore reimbursement is justified. The Court's conclusion is based on the following circumstances.

First, ML Finance's Notice of Removal reflected ML Finance's understanding that the applicable standard for removal is whether the outcome of the Removed Case could conceivably affect the bankruptcy estate. As discussed earlier, applying that standard to the timeliness of the removal, the issue is when was ML Finance first served with a paper putting it on clear notice that the outcome of the N.J. Case would impact the Jet Network Bankruptcy Case. This occurred on May 17, 2010, when ML Finance was served with a Suggestion of Bankruptcy and Motion to Stay. This "paper," as that term is used in 28 U.S.C. §1446(b), made ML Finance aware of the Trustee/Cauff Settlement and the Trustee's financial interest in the N.J. Case. In fact, as also noted earlier, the Notice of Removal even referred to the Trustee/Cauff Settlement as a basis for related to jurisdiction.

Second, prior to filing its Notice of Removal, ML Finance knew that this Court did not believe that ML Finance's joinder as a defendant in the Merrill Lynch Adversary would support an otherwise untimely removal. These views were expressed on February 15, 2011, when the Court conducted a hearing in the Merrill Lynch Adversary on the Segrave Defendant's Motion to Extend Time for Removal [DE# 140 in Adv. No. 10-2701]. Although the precise issue before the Court was whether the Seagrave Defendants could obtain an extension of time for removal, the parties and the Court spent much of the hearing discussing whether ML Finance could file a timely Notice of Removal based on its recent joinder as a defendant in the Merrill Lynch Adversary. The following excerpts from that hearing transcript [DE# 216 in Adv. No. 10-2701] put Merrill Lynch on notice that the Court did not believe that removal premised upon the joinder would be timely.

| | |
|---|---|
| THE COURT: | "I don't see anything that talks about when a party in a non-bankruptcy court becomes a party in a bankruptcy case affects the time [for removal]" [p.6, lines 20-23] |

***

| | |
|---|---|
| THE COURT: | "[I]s there case law that would support the view that [ML Finance's] time for removal would be dependent upon when [ML Finance was] properly named as a party here and not dependent upon the timing of events in New Jersey?" |
| MR. FALK: [COUNSEL FOR ML FINANCE] | "So far, your Honor, we have found no case law either way" [p. 8, lines 209]. |
| THE COURT: | "[A]s soon as the trustee entered into an agreement to share in the recovery [of the N.J. Case], the New Jersey action became an action that would affect the administration of the estate" [p. 10 lines 17-20]. |

***

| | |
|---|---|
| THE COURT: | "I've expressed my, at least, concerns about whether the timing of [ML Finance] being named [as a defendant in the Merrill Lynch Adversary] changes the time for removal, but I'm open to what you might learn" [p. 23, lines 18-21]. |

In sum, the Court expressed substantial doubt that a Notice of Removal filed by ML Finance would be timely. The Court did leave the door open for ML Finance to persuade the Court otherwise. As it turned out, ML Finance presented no credible or relevant law to support its argument that the case could not be removed until it was joined as a party defendant in the Merrill Lynch Adversary. Thus, the Court concludes that ML Finance had no reasonable basis to believe that its Notice of Removal was timely, and Cauff is entitled to reimbursement of attorney's fees and expenses under 28 U.S.C. §1447(c).

In accordance with this Memorandum Opinion, it is –

**ORDERED** as follows:

1.      The Motion to Remand is granted and this case is remanded back to the Superior Court of New Jersey, Middlesex County, New Jersey.

2.      Pursuant to 28 U.S.C. §1447(c), the Clerk of this Court is directed to mail a certified copy of this Order to the Clerk of the Superior Court of New Jersey, Middlesex Division.

3.      Pursuant to 28 U.S.C. §1447(c), Cauff is entitled to reimbursement of costs and reasonable attorney's fees.  Notwithstanding remand, this Court reserves jurisdiction to award these fees and costs.

4.      By <u>August 29, 2011</u>, Cauff shall submit a Statement of Fees and Costs with supporting documents in conformity with this Court's Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (CG-1).  Cauff shall voluntarily reduce the fee request to delete time spent researching and briefing his argument that this Court lacked related to jurisdiction.  That argument had no merit.

5.      By <u>September 12, 2011</u>, ML Finance shall file a Response to Statement of Fees and Costs either agreeing to or objecting to the amounts requested.

6.      Upon review of the Statement of Fees and Costs and ML Finance's Response, the Court will determine whether a hearing is necessary prior to entry of a Supplemental Order Awarding Fees and Costs Under 28 U.S.C. §1447(c).

###

**COPIES TO:**

**Steven I. Silverman, Esq.**
**KLUGER KAPLAN SILVERMAN**
**KATZEN & LEVINE, P.L.**
**201 S. Biscayne Blvd., 17th Floor**
**Miami, FL  33131**
**(Counsel for Stuart L. Cauff)**

**James H. Fierberg, Esq.**
**AKERMAN SENTERFITT**
**One S.E. Third Avenue, 25th Floor**
**Miami, FL  33131**
**(Counsel for Seagrave Defendants**

**Bennett Falk, Esq.**
**BRESSLER AMERY & ROSS, PC.**
**2801 S.W. 149th Avenue, Suite 300**
**Miramar, FL  33027**
(**Counsel for ML Finance)**

**Nicholas B. Bangos, Esq.**
**DIAZ REUS & TARG, LLP**
**2600 Miami Tower**
**100 S.E. Send Street**
**Miami, FL  33131**
**(Counsel for Michael Keister)**

**(Attorney Silverman is directed to serve a copy of this Order on all other interested parties and file a Certificate of Service)**